OPINION *Page 2 
{¶ 1} Plaintiff-appellant USAM, Inc. dba United Studios of America appeals various judgment entries of the Stark County Court of Common Pleas in favor of Defendant-appellee David Laman.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant USAM operates a mobile portrait studio, headquartered in Massillon, Ohio. Appellant operates its business in several states throughout the country by sending representatives to various grocery and department stores, and marketing its services to store customers.
 {¶ 3} All prospective employees of Appellant are required to execute an employment contract as a condition of employment, which reads, in pertinent part:
 {¶ 4} "Employee acknowledges that Company will expend considerable time, effort and expense in the training of employee and the methods used by Company; that Employee will acquire confidential and valuable knowledge and information as to Company's accounts, customers and business patrons, as well as confidential and valuable knowledge and information concerning the methods and forms developed and used by Company; and that Employee will acquire such knowledge and experience that upon leaving Company's employment for any reason, his engaging directly or indirectly, either alone or in association with any other person or firm, in the family portrait photography business will cause unfair disclosure of such valuable knowledge and information, irreparable harm and financial loss to Company."
 {¶ 5} In 2000, Appellant hired Appellee David Laman, who executed the required employment contract. Appellee was promoted to the position of Sales *Page 3 
Manager, and eventually, Vice-President. Appellee later resigned his position with Appellant, and became a principal in Andre Michaels National Portrait Company, LLC, a Colorado Limited Liability Company. Appellee obtained a contract with Safeway of Colorado on behalf of Andre Michaels National Portrait Company, LLC.
 {¶ 6} On May 16, 2006, Appellant filed the within action in the Stark County Court of Common Pleas against Appellee alleging breach of contract and other tortuous conduct. On September 25, 2006, the trial court ordered Appellant to complete service or file an appropriate motion no later than September 28, 2006, or face dismissal of the action for want of prosecution.
 {¶ 7} Appellant perfected service of the summons and complaint on October 3, 2006. Pursuant to the Ohio Rules of Civil Procedure, Appellee had until October 31, 2006, in which to file a responsive pleading.
 {¶ 8} On November 1, 2006, Appellant filed a motion for default judgment against Appellee. Later the same day, Appellee filed a motion for leave to plead.
 {¶ 9} On December 1, 2006, the trial court conducted a hearing on the motions.
 {¶ 10} Via Judgment Entry of December 4, 2006, the trial court denied Appellant's motion for default judgment, and granted Appellee's motion for leave to plead.
 {¶ 11} On June 18, 2007, Appellee filed a motion for summary judgment.
 {¶ 12} On August 8, 2007, Appellant USAM filed a motion for leave to amend its complaint to add additional parties. The trial court denied the motion, via Judgment Entry of August 15, 2007. Via Judgment Entry of the same day, the trial court granted summary judgment in favor of Appellee. *Page 4 
 {¶ 13} On August 27, 2007, the matter proceeded to a damage hearing in front of a magistrate. The magistrate awarded Appellee damages in the amount of $180,260.39, including $116,468 in punitive damages and $58,234 in attorney fees.
 {¶ 14} On September 11, 2007, Appellant filed a motion requesting findings of fact and conclusions of law to support the magistrate's award of damages. On September 13, 2007, the motion was denied.
 {¶ 15} On September 14, 2007, Appellant filed combined objections to the magistrate's decision and a motion to set aside the magistrate's decision. Via Judgment Entry of September 25, 2007, the trial court denied the motions, and adopted the magistrate's decision in its entirety. The trial court further awarded Appellee additional attorney fees and costs incurred in responding to the post-judgment motions.
 {¶ 16} Appellant now appeals, assigning as error:
 {¶ 17} "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY OVERRULING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND GRANTING APPELLEE'S UNTIMELY MOTION FOR LEAVE TO PLEAD.
 {¶ 18} "II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT.
 {¶ 19} "III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
 {¶ 20} "IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY ADOPTING THE MAGISTRATE'S DECISION GRANTING DAMAGES IN FAVOR OF THE DEFENDANT IN THE AMOUNT OF $180,260.39. *Page 5 
 {¶ 21} "V. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.
 {¶ 22} "VI. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT'S MOTION TO SET ASIDE THE MAGISTRATE'S DECISION."
 I. {¶ 23} In the first assignment of error, Appellant argues the trial court erred in denying its motion for default judgment, and in granting Appellee's motion for leave to plead.
 {¶ 24} A Civ. R. 6(B) determination lies within the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Miller v. Lint (1980), 62 Ohio St.2d 209,213-214. Specifically, trial courts are afforded wide discretion to grant extensions of time and permit untimely pleadings when there is excusable neglect. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 25} Appellant asserts Appellee did not demonstrate excusable neglect pursuant to Civ. R. 6(B)(2). As noted in the Statement of the Facts and Case supra, the trial court conducted a hearing relative to Appellant's motion for default judgment and Appellee's motion for leave to plead on December 1, 2006. Appellant has not filed a transcript of that trial court proceeding in this appeal. It is well settled when portions of the transcript necessary to resolve issues are not part of the record on appeal, we must *Page 6 
presume regularity in the trial court proceedings and affirm. Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384.
 {¶ 26} Based on the above, the first assignment of error is overruled.
 II. {¶ 27} In the second assignment of error, Appellant asserts the trial court erred in denying Appellant's request for leave to amend the complaint.
 {¶ 28} Ohio Civil Rule 15(A) provides:
 {¶ 29} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *"
 {¶ 30} Upon review of the record, Appellant initiated this action on May 16, 2006. Appellee filed his answer on November 1, 2006. The trial court set the matter for trial on August 27, 2006. At the final pretrial conference on August 8, 2006, Appellant filed a motion to amend the complaint to add additional parties based on recently discovered information. The additional parties were Appellee's fellow member in and his limited liability company operating in Colorado. In denying leave to amend, the trial court's August 15, 2007 Judgment Entry states:
 {¶ 31} "The Court finds that this information is not "newly discovered" as this information was known to Plaintiff on or before the filing of Plaintiff's Response to *Page 7 
Defendant's Motion for Summary Judgment on July 16, 2007, and was information readily ascertainable by the Plaintiff prior to the close of discovery in this case."
 {¶ 32} Ohio courts have recognized, although the rule allows for liberal amendment, "motions to amend pleadings pursuant to Civ. R. 15(A) should be refused if there is a showing of bad faith, undue delay, or undue prejudice to the opposing party." A trial court's denial of a Rule 15(A) motion will not be disturbed absent a showing of abuse of discretion.
 {¶ 33} Based upon the above, we find the trial court did not abuse its discretion in denying Appellant's motion for leave to amend its complaint.
 {¶ 34} The second assignment of error is overruled.
 III. {¶ 35} In the third assignment of error, Appellant argues the trial court erred in granting summary judgment in favor of Appellee as to Appellant's claims and Appellee's counterclaim.
 {¶ 36} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. Therefore, we must refer to Civ. R. 56(C), which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it *Page 8 
appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 37} Pursuant to the above rule, a trial court may not enter summary judgment if it appears that a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the nonmoving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the nonmoving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the nonmoving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429,1997-Ohio-259, 674 N.E.2d 1164, citing Dresher v. Burt (1996),75 Ohio St.3d 280, 293, 662 N.E.2d 264. It is based upon this standard that we review appellants' assignment of error.
 {¶ 38} Appellant argues the trial court erred in finding USAM failed to provide any evidence of damages suffered. Appellant cites paragraph 4 of the USAM Contract of Employment, which reads:
 {¶ 39} "Employee acknowledges that Company will expend considerable time, effort and expense in the training of employee and the methods used by Company; that Employee will acquire confidential and valuable knowledge and information as to Company's accounts, customers and business patrons, as well as confidential and *Page 9 
valuable knowledge and information concerning the methods and forms developed and used by Company; and that Employee will acquire such knowledge and experience that upon leaving Company's employment for any reason, his engaging directly or indirectly, either alone or in association with any other person or firm, in the family portrait photography business will cause unfair disclosure of such valuable knowledge and information, irreparable harm and financial loss to Company."
 {¶ 40} A contractual provision acknowledging harm will occur in the event of a breach, without more, is insufficient to withstand summary judgment. Where, as here, a party makes a claim for money damages, the party must demonstrate actual damages. Appellant filed the within action alleging claims for breach of contract, breach of fiduciary duty, breach of Ohio Trade Secrets Act and intentional interference with contractual relationships. Appellee moved the trial court for summary judgment on all of the above claims alleged in the complaint, and for summary judgment as to its counterclaim for unfair competition. Appellee's motion for summary judgment raises the issue that Appellant's claims must fail because Appellant has no evidence demonstrating damage or injury resulting from Appellee's actions. In response, Appellant merely cites the contract provision stipulating damage to Appellant. The contract did not include a provision for liquidated damages. While the contract provision stipulating to damages and irreparable harm may well provide grounds for an equitable injunction, we find Appellants' claims require proof of actual damages, and Appellant failed to meet the burden.
 {¶ 41} We agree with the trial court Appellant failed to satisfy his burden under Civil Rule 56 in responding to the affidavit testimony supporting Appellee's motion. *Page 10 
Appellee presented admissible evidence establishing Appellant's motives in filing the instant action were to cause Appellee to incur legal fees and costs. Accordingly, the trial court properly granted summary judgment in favor of Appellee on Appellant's claims and Appellee's counterclaim.
 {¶ 42} The third assignment of error is overruled.
 IV. {¶ 43} In the fourth assignment of error, Appellant argues the trial court erred in adopting the magistrate's decision awarding damages in favor of Appellee in the amount of $180,260.39.
 {¶ 44} Following the trial court's ruling on the Appellee's motion for summary judgment, the trial court referred the matter to the magistrate for a hearing on damages relative to Appellee's counterclaim for unfair competition. On September 4, 2007, via Magistrate's Decision, the magistrate awarded Appellee damages in the amount of $58,234.00, and punitive damages in the amount of $116,468.00.
 {¶ 45} Upon review of the record, the August 27, 2007 damage hearing before the magistrate was recorded by a court reporter. Appellant argues the trial court erred in adopting the magistrate's decision, and various errors by the magistrate in rendering the decision. However, Appellant failed to include a transcript or suitable substitute in objecting to the magistrate's decision, despite the fact that the proceedings were recorded.
 {¶ 46} Civ. R. 53(E)(3)(b) provides that "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." The duty to provide a *Page 11 
transcript or affidavit to the trial court rests with the person objecting to the magistrate's decision. In re O'Neal (Nov. 24, 2000), 11th Dist. No. 99-A-0022, 2000 WL 1738366, at 3. As a result, "when no transcript or affidavit is provided to the trial court in support of objections to a magistrate's decision, this court is limited to determining whether or not the trial court abused its discretion in adopting the magistrate's decision." Ackroyd v. Ackroyd (June 30, 2000), 11th Dist. No. 99-L-018, 2000 WL 895599, at 1.
 {¶ 47} This Court has held on numerous occasions that where an appellant fails to provide a transcript of the original hearing before the magistrate for the trial court's review, the magistrate's findings of fact are considered established and may not be attacked on appeal.Doane v. Doane (May 2, 2001), Guernsey App. No. 00CA21; Gordon v.Gordon, Knox App. No. 01-CA-26, 2002-Ohio-2888; and, McKee v.McKee, Coshocton App. No. 05-CA-14, 2006-Ohio-630.
 {¶ 48} Appellant did not order the transcript of the damages hearing until October 1, 2007, after the trial court had adopted the magistrate's decision. Without a transcript of the hearing or a similar affidavit provided to the trial court. Appellant cannot demonstrate any alleged error. Appellant argues the magistrate's decision is excessive and unauthenticated in light of the evidence introduced at the hearing. This analysis would obviously require the trial court to review the testimony given at the hearing.
 {¶ 49} The fourth assignment of error is overruled.
 V. {¶ 50} In the fifth assignment of error, Appellant argues the trial court abused its discretion in denying Appellant's request for findings of fact and conclusions of law on the damage award. *Page 12 
 {¶ 51} On September 11, 2007, Appellant moved the trial court, pursuant to Civil Rule 53, to "issue findings of fact and conclusions of law with regard to its September 4, 2007 decision concerning the complaint of USAM and any findings which were entered with regard to the counterclaim of Defendant."
 {¶ 52} Via Judgment Entry of September 13, 2007, the trial court denied Appellant's request for findings of fact and conclusions of law, stating:
 {¶ 53} "The Court denies the Plaintiff's request for the Magistrate to issue findings of fact and conclusions of law with regard to the September 4, 2007, decision for several reasons, including, but not limited to the following:
 {¶ 54} "1. The Hearing held on August 27, 2007, was not a hearing on the merits of the Plaintiff's Complaint or a hearing on the merits of the Defendant's Counterclaim. The merits of all claims asserted in this mater were decided by Judge Brown in a Judgment Entry Regarding Defendant's Motion for Summary Judgment filed on August 15, 2007. Judge Brown granted the Defendant's motion for summary judgment as to all claims asserted in the Plaintiff's Complaint, as well as, Defendant's motion for summary judgment with regard to his Counterclaim for unfair competition. The hearing held on August 27, 2007, was strictly to determine the Defendant's damages with regard to the unfair competition claim. Since the August 27, 2007, Damages Hearing did not involve the merits of the parties' claims, there are no findings of fact and conclusions of law that are required to, or that can be made, with regard to the September 4, 2007 Magistrate decision, as there were was [sic] no "decision concerning the complaint of Plaintiff" or "any findings which were entered with regard to the counterclaim of Defendant," other than a determination of damages." *Page 13 
 {¶ 55} As noted in the trial court's Judgment Entry, the September 4, 2007 award of damages clearly enumerates the amount of damages, the purpose for which they were granted and the exhibits referenced. Further, a review of the trial court's August 15, 2007 Judgment Entry granting summary judgment in favor of Appellee clearly sets forth the trial court's findings of fact and conclusions of law with regard to the "complaint of Plaintiff" and "the counterclaim of Defendant." Accordingly, the trial court did not abuse its discretion in denying Appellant's request for additional findings of fact and conclusions of law relative to the damages award.
 {¶ 56} The fifth assignment of error is overruled.
 VI. {¶ 57} In the sixth assignment of error, Appellant argues the trial court erred in denying his September 14, 2007 "Motion to Set Aside Magistrate's September 4, 2007 Decision and Objections to Magistrate's September 4, 2007 Decision."
 {¶ 58} Specifically, Appellant argues the trial court erred in adopting the September 4, 2007 magistrate's decision. For the reason discussed in our analysis and disposition of Appellant's fourth assignment of error, we overrule Appellant's sixth assignment of error. *Page 14 
 {¶ 59} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, P.J. and Delaney, J., concur.
 Farmer, J. dissents. *Page 16 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 15