[Cite as *In re Trust of Conley v. Conley*, 2013-Ohio-1631.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: TESTAMENTARY TRUST OF KATHLEEN B. CONLEY, | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
|  | : | Hon. Sheila G. Farmer, J. |
| JOAN E. COLLIER, TRUSTEE | : |  |
|  | : |  |
| Plaintiff-Appellant | : | Case No. 2012-CA-00133 |
|  | : |  |
| -vs- | : |  |
|  | : | O P I N I O N |
| JAMES M. CONLEY, ET AL | : |  |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas, Probate Division, Case No. 195704

con
JUDGMENT:     Reversed in part and dismissed in part

DATE OF JUDGMENT ENTRY:     April 22, 2013

APPEARANCES:

For-Appellant

CRAIG CONLEY
604 Huntington Plaza
220 Market Avenue South
Canton, OH  44702

For-Appellees

STANLEY RUBIN
437 Market Avenue North
Canton, OH  44702

*Gwin, P.J.*

{¶1} Appellant Joan E. Collier appeals from the June 15, 2012, June 25, 2012, and July 10, 2012 judgment entries issued by the Stark County Court of Common Pleas, Probate Division.

*Facts & Procedural History*

{¶2} Kathleen Conley ("Decedent") died in 1996. Her will established a trust. Appellant Joan E. Collier is the successor trustee named in Decedent's will and became trustee after Daniel, the named trustee, was killed in an automobile accident. Decedent's will did not provide for specific compensation for the trustee, but allowed "reasonable compensation for services rendered . . . ".

{¶3} On March 6, 2012, appellant filed a partial account covering the time period of January 6, 1998 to January 31, 2012. The account did not contain any deduction for or calculation of trustee fees. The court issued an entry setting April 11, 2012, at 10:00 a.m. as the date and time for the hearing on appellant's partial account. Appellant filed a notice of service, stating copies of the March 6th partial account were mailed to all trust beneficiaries and the counsel of record for appellees, several of the trust beneficiaries. No exceptions to the account were filed and no one appeared at the hearing on April 11, 2012 to oppose the account. On April 11, 2012, the trial court issued an entry approving and settling the account, stating the "partial account has been lawfully administered."

{¶4} On May 8, 2012, appellant filed an application for approval of trustee fees, seeking court approval of $39,512.60 in trustee fees for the period covered by the March 6th partial account. Appellees requested additional time to respond or object to

appellant's fee application by filing an application to extend time. On May 23, 2012, the trial court granted appellee's application to extend time and extended the response and objection date to June 8, 2012. Appellees did not file a response or objection by June 8 and filed a motion to file a response to the application for trustee fees instanter on June 14, 2012. The trial court granted appellees leave to file a response to the application for trustee fees instanter on June 15, 2012. Appellant filed a motion for reconsideration of the trial court's judgment entry granting appellees leave to file a response instanter to the application for trustee fees. The trial court denied appellant's motion for reconsideration on June 25, 2012. The application for trustee fees and the objection to the application for fees remain pending in the trial court. On July 10, 2012, the trial court sua sponte vacated its April 11th approval of the partial account to "correct a clerical error." The trial court stated the March 6th account "should not have been approved as objections have been filed to the Trustee's Fees contained therein and are still pending before the Court."

{¶5} Appellant filed an appeal of the trial court's June 15, 2012, June 25, 2012, and July 10, 2012 judgment entries and raises the following assignments of error on appeal:

{¶6} "I. THE TRIAL COURT ERRED IN GRANTING, VIA ITS JUNE 15, 2012 JUDGMENT ENTRY NOW ON APPEAL, OBJECTORS/APPELLEES LEAVE TO FILE INSTANTER, WITHOUT DEMONSTRATION OF EXCUSABLE NEGLECT, A TARDY OBJECTION/RESPONSE TO TRUSTEE'S/APPELLANT'S MAY 8, 2012 APPLICATION FOR APPROVAL OF TRUSTEE'S FEES.

{¶7} "II. THE TRIAL COURT ERRED IN DENYING, VIA ITS JUNE 25, 2012 JUDGMENT ENTRY NOW ON APPEAL, TRUSTEE'S/APPELLANT'S JUNE 20, 2012 MOTION FOR RECONSIDERATION OF THE JUNE 15, 2012 JUDGMENT ENTRY REFERRED TO IN ASSIGNMENT OF ERROR NO. 1 HEREINABOVE.

{¶8} "III. THE TRIAL COURT ERRED, VIA ITS JULY 10, 2012 JUDGMENT ENTRY NOW ON APPEAL, IN SUA SPONTE VACATING ITS APRIL 11, 2012 ENTRY APPROVING AND SETTLING [TRUSTEE'S/APPELLANT'S MARCH 6, 2012] ACCOUNT."

{¶9} For purposes of disposing of the three assignments of error, we find it appropriate to initially address assignment of error number three.

### July 10th Judgment Entry

{¶10} An appeal must be taken from a final appealable order to vest jurisdiction with this court. *Gen. Acc. Ins. Co.*, 44 Ohio St.3d at 20. A probate entry actually approving or settling an account constitutes a final appealable order for the time period covered by the account. *In re Estate of Perry*, 12th Dist. No. 2007-03-061, 2008-Ohio-351; *In re Stayner*, 33 Ohio St. 481 (1878).

{¶11} In this case, the record indicates that when appellant filed her account, the trial court set the account for a hearing on April 11, 2012, pursuant to R.C. 2109.32 ("Every fiduciary's account . . . shall be set for hearing before the probate court"). Further, on March 6, 2012, appellant filed a notice of service, giving notice to the trial court that file-stamped service copies of the March 6th account including the entry setting the hearing were mailed to all trust beneficiaries and to counsel of record for appellees.

**{¶12}** R.C. 2109.33 provides "any person interested in an estate or trust may file exceptions to an account . . . All exceptions shall be specific and written. Exceptions shall be filed and a copy of them furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account." The record in this case reflects that no exceptions were filed to the March 6th account at any point prior to or during the April 11th hearing on the account.

**{¶13}** R.C. 2109.32 provides, "if, at the hearing upon an account, the court finds that the fiduciary has fully and lawfully administered the estate or trust and has distributed the assets of the estate or trust in accordance with the law or the instrument governing distribution, as shown in the account, the court shall order the account approved and settled . . ." In this case, the trial court reviewed the account, held a hearing on the account on April 11, 2012, and then issued an entry approving and settling account, stating that the partial account had been lawfully administered. Thus, the April 11th judgment entry is an entry actually approving or settling an account and constitutes a final appealable order for the time period covered by the account.

**{¶14}** Appellees argue the trial court simply exercised judgment "to prevent an injustice" in vacating the account pursuant to Civil Rule 60(A). We disagree. We will not reverse a trial court's decision to grant relief from judgment pursuant to Civil Rule 60(A) absent an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). To find an abuse of discretion, this court must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Further, a judgment supported by some competent, credible evidence will

not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 280, 376 N.E.2d 578 (1978).

**{¶15}** Civil Rule 60(A) permits a court to correct only clerical errors arising from an oversight or omission and states that, "clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative . . ."

**{¶16}** "The basic distinction between clerical mistakes that can be corrected under Civ.R. 60(A) and substantive mistakes that can be corrected pursuant to Civ.R. 60(B) consists of 'blunders in execution,' whereas the latter consists of instances where the court changes its mind, either because it made a legal or factual mistake in making its original determination, or because, on second thought, it has decided to exercise its discretion in a different manner."

*Londrico v. Delores C. Knowlton, Inc.*, 88 Ohio App.3d 282, 285, 623 N.E.2d 723 (9th Dist. 1993).

**{¶17}** In its July 10th judgment entry, the trial court vacated the March 6th account because "objections have been filed to the Trustee's Fees contained therein and are still pending before the Court." A review of the record confirms there were no trustee fees requested, contained in, or deducted from the funds in the account. Appellant filed her application for fees in a separate motion on May 8, 2012, which is still pending before the trial court. Local Rule 74.2 governs individual trustee's compensation and allows for trustee compensation to be determined, in part, by the amounts contained in an account. However, Local Rule 74.2(B) states, "If by reason of

the application of the above percentages to values of assets a disparity or injustice results, such disparity or injustice may be reviewed on the Court's own motion in respect of any account reflecting such compensation or upon exceptions to such an account." Thus, the trial court, pursuant to Local Rule 74.2(B) and R.C. 5807.08, ultimately determines the amount of trustee compensation that is reasonable under the circumstances.

**{¶18}** In this case, after appellees had appropriate notice, they failed to object to the March 6th account either in writing or at the hearing.  After reviewing the account and conducting the required hearing pursuant to R.C. 2109.32(A), the trial court approved and settled the account in its April 11th entry.  We disagree with appellees assertion that the trial court is permitted to exercise its judgment to vacate the account pursuant to Civil Rule 60(A) to prevent an injustice, as such discretion does not fall within the "clerical mistake" parameters of Civil Rule 60(A).  The trial court's July 10th order went beyond the scope of merely correcting a clerical mistake or a blunder in the execution, as it substantively changed and vacated the April 11th entry settling and approving the partial account.  Accordingly, we find the trial court abused its discretion when it sua sponte vacated its July 10th entry pursuant to Civil Rule 60(A).

*June 15, 2012 and June 25, 2012 Judgment Entries*

**{¶19}** Appellees argue this court does not have subject matter jurisdiction over the June 15th and June 25th judgment entries because they are not final appealable orders.  Appellant argues the June 15th and June 25th judgment entries are final appealable orders because they are inextricably intertwined with the July 10th entry and merge into the July 10th appealable order.  We agree with appellees.

{¶20} An appellate court has jurisdiction to review and affirm, modify, or reverse judgments or final orders of the trial courts within its discretion. See Section 3(B)(2), Article IV, Ohio Constitution, see also R.C. 2505.02 and *Fertec, LLC v. BBC&M Engineering, Inc.*, 10th Dist. No. 08AP-998, 2009-Ohio-5246. If an order is not final and appealable, then we have no jurisdiction to review the matter and must dismiss it. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

{¶21} To be final and appealable, an order must comply with R.C. 2505.02. R.C. 2505.02(B) provides, in pertinent part:

{¶22} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *"

{¶23} Under both R.C. 2505.02(B)(1) and (B)(2), an order is final only if it affects a substantial right. "An order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63, 616 N.E.2d 181 (1993). For appellant to prevail in asserting the judgment entries affect a substantial right she "must demonstrate that in the absence of immediate review of the order they will be denied effective relief in the future." *Id.*

{¶24} We find the June 15th and June 25th judgment entries do not determine the action and prevent a judgment. In this case, the June 15th entry permitted appellees to file an objection to appellant's application for trustee fees and the June 25th judgment entry denied appellant's motion to reconsider the allowance of the objection. Neither of the entries disposes of appellant's application for trustee fees as the trial court has not yet ruled on the application for fees. Merely because the judgment entry approving the partial account is a final appealable order does not convert the interlocutory judgment entries into final appealable orders. The effect of the June 15th and June 25th judgment entries are not irreversible and therefore, an immediate appeal is not required to protect a substantial right. Accordingly, the June 15th and June 25th judgment entries are not final appealable orders pursuant to R.C. 2505.02.

{¶25}   For the foregoing reasons, we find appellant's assignments of errors I and II are dismissed for lack of jurisdiction.

{¶26}   Appellant's assignment of error III is sustained.  The July 10th judgment of the Stark County Court of Common Pleas, Probate Division, is reversed.

By Gwin, P.J.,

Farmer, J., and

Delaney, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. SHEILA G. FARMER

WSG:clw 0410

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

IN RE: TESTAMENTARY TRUST　　　　:
OF KATHLEEN B. CONLEY,　　　　　　:
　　　　　　　　　　　　　　　　　　:
JOAN E. COLLIER, TRUSTEE　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff-Appellant　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
-vs-　　　　　　　　　　　　　　　　:　　　JUDGMENT ENTRY
　　　　　　　　　　　　　　　　　　:
JAMES M. CONLEY, ET AL　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　　Defendant-Appellee　　　:　　　CASE NO. 2012-CA-00133


　　　　For the reasons stated in our accompanying Memorandum-Opinion we find appellant's assignments of errors I and II are dismissed for lack of jurisdiction. Appellant's assignment of error III is sustained. The July 10th judgment of the Stark County Court of Common Pleas, Probate Division, is reversed. Costs split evenly between the parties.


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HON. W. SCOTT GWIN


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HON. WILLIAM B. HOFFMAN


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　HON. SHEILA G. FARMER