[Cite as *Collier v. Conley*, 2014-Ohio-2609.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


JOAN E. COLLIER

      Appellant

-vs-

JAMES M. CONLEY, et al.

      Appellees

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. 2013 CA 00166

O P I N I O N


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Probate Division, Case No. 195704 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 16, 2014 |


APPEARANCES:

| For Appellant | For Appellees |
|---|---|
| CRAIG T. CONLEY | STANLEY R. RUBIN |
| 604 Huntington Plaza | 437 Market Avenue North |
| 220 Market Avenue South | Canton, Ohio 44702 |
| Canton, Ohio 44702 | |

*Wise, J.*

{¶1}. Appellant Joan E. Collier appeals the decision of the Stark County Court of Common Pleas, Probate Division, which granted a reduced amount of requested trustee fees and made other related orders. Appellees James Conley, et al. are beneficiaries of the testamentary trust at issue herein. The relevant facts leading to this appeal are as follows.

{¶2}. Kathleen Conley, who passed away in 1996, was the testator of a will establishing a testamentary trust naming Daniel Conley (her son) as trustee and Appellant Joan E. Collier as successor trustee. In 1997, Daniel, the named trustee, was killed in an automobile accident. However, Appellant Collier did not apply to the probate court (hereinafter "trial court") to be appointed trustee until 2005. The trial court appointed her as such on February 16, 2006. Kathleen's will did not provide for specific compensation for the trustee, but allowed "reasonable compensation for services rendered."

{¶3}. On March 6, 2012, Appellant Collier filed a partial account covering the time period of January 6, 1998 to January 31, 2012. The account did not contain any deduction for or calculation of trustee fees. The trial court issued an entry setting April 11, 2012 as the date for a hearing on appellant's partial account. Appellant filed a notice of service, stating copies of the March 6, 2012 partial account were mailed to all trust beneficiaries and the counsel of record for appellees. No exceptions to the account were filed and no one appeared at the hearing on April 11, 2012 to oppose the account. On April 11, 2012, the trial court issued an entry approving and settling the account, stating the partial account had been "lawfully administered."

{¶4}. On May 8, 2012, appellant filed an application for approval of trustee fees, seeking court approval of the sum of $39,512.60 in trustee fees for the period covered by the March 6th partial account. Appellees requested additional time to respond or object to appellant's fee application by filing an application to extend time. On May 23, 2012, the trial court granted appellees' application to extend time and extended the response and objection date to June 8, 2012. Appellees did not file a response or objection by June 8 and filed a motion to file a response to the application for trustee fees instanter on June 14, 2012. The trial court granted appellees leave to file a response to the application for trustee fees instanter on June 15, 2012.

{¶5}. Appellant filed a motion for reconsideration of the trial court's judgment entry granting appellees leave to file a response instanter to the application for trustee fees. The trial court denied appellant's motion for reconsideration on June 25, 2012.

{¶6}. On July 10, 2012, the trial court sua sponte vacated its April 11th approval of the partial account to "correct a clerical error." The trial court stated the March 6, 2012 account filing "should not have been approved as objections have been filed to the Trustee's Fees contained therein and are still pending before the Court."

{¶7}. Appellant thereupon filed an appeal of the trial court's June 15, 2012, June 25, 2012, and July 10, 2012 judgment entries. She therein raised three assigned errors. In a decision filed April 22, 2013, this Court first found that the trial court, in its July 10, 2012 decision, had abused its discretion by sua sponte vacating the April 11, 2012 judgment entry approving and settling the account. *See In re Testamentary Trust of Kathleen B. Conley*, 5th Dist. Stark No. 2012-CA-00133, 2013-Ohio-1631, ¶ 18. We therefore reversed the trial court's July 10, 2012 decision. *Id.* at ¶ 26 We further

determined that the June 15, 2012 and June 25, 2012 entries did not constitute final appealable orders, reasoning that "[n]either of the entries disposes of appellant's application for trustee fees as the trial court has not yet ruled on the application for fees." *Id.* at ¶ 24.

{¶8}. The trial court, on July 18, 2013, scheduled a hearing to approve trustee fees on August 7, 2013. After conducting said hearing, the trial court issued a judgment entry on August 15, 2013, approving $5,379.00 of appellant's trustee fee application but disallowing the remainder. In the meantime, appellant filed a motion to strike appellees' objection to the fee application. On August 15, 2013, the trial court issued an additional judgment entry denying appellant's motion to strike.

{¶9}. Appellant filed a notice of appeal on August 26, 2013. She therein listed the judgment entries of June 15, 2012, June 25, 2012, August 15, 2013 (no. 1), and August 15, 2013 (no. 2). She herein raises the following four Assignments of Error:

{¶10}. "I. THE TRIAL COURT ERRED IN GRANTING, VIA ITS JUNE 15, 2012 JUDGMENT ENTRY NOW ON APPEAL, OBJECTORS/APPELLEES (SIC) LEAVE TO FILE INSTANTER, WITHOUT DEMONSTRATION OF EXCUSABLE NEGLECT, A TARDY OBJECTION/RESPONSE TO TRUSTEE'S/APPELLANT'S MAY 8, 2012 APPLICATION FOR APPROVAL OF TRUSTEE'S FEES.

{¶11}. II. THE TRIAL COURT ERRED IN DENYING, VIA ITS JUNE 25, 2012 JUDGMENT ENTRY NOW ON APPEAL, TRUSTEE'S/APPELLANT'S JUNE 20, 2012 MOTION FOR RECONSIDERATION OF THE JUNE 15, 2012 JUDGMENT ENTRY REFERRED TO IN ASSIGNMENT OF ERROR NO. 1 HEREINABOVE.

**{¶12}.** III. THE TRIAL COURT ERRED IN DENYING (IN SUBSTANTIAL PART), VIA ITS AUGUST 15, 2013 JUDGMENT ENTRY NOW ON APPEAL, TRUSTEE'S/APPELLANT'S MAY 8, 2012 APPLICATION FOR TRUSTEE'S FEES.

**{¶13}.** IV. THE TRIAL COURT ERRED IN DENYING, VIA ITS (OTHER) AUGUST 15, 2013 JUDGMENT ENTRY NOW ON APPEAL, TRUSTEE'S/APPELLANT'S AUGUST 8, 2013 MOTION TO STRIKE OBJECTORS'/APPELLEES' TARDY RESPONSE (AND ATTENDANT ORAL ARGUMENT) IN OPPOSITION TO THE APPLICATION REFERRED TO IN ASSIGNMENT OF ERROR NO. 3 HEREINABOVE.

I., II., IV.

**{¶14}.** Appellant's First, Second, and Fourth Assignments of Error all pertain to the issue of appellees' tardy response/objection to appellant's application for attorney fees of May 8, 2012. In her First Assignment of Error, appellant argues the trial court erred, in its June 15, 2012 judgment entry, in granting appellees leave to file, instanter, the tardy response/objection to said application for approval of trustee fees. In her Second Assignment of Error, appellant contends the trial court erred in denying her motion to reconsider the aforesaid June 15, 2012 judgment entry. Finally, in her Fourth Assignment of Error, appellant maintains the trial court erred in denying her motion to strike appellees' tardy response/objection to the application for approval of trustee fees. We disagree on all counts.

**{¶15}.** R.C. 2109.33 states in pertinent part: " *** Any person interested in an estate or trust may file exceptions to an account or to matters pertaining to the execution of the trust. All exceptions shall be specific and written. Exceptions shall be

filed and a copy of them furnished to the fiduciary by the exceptor, not less than five days prior to the hearing on the account. *The court for cause may allow further time to file exceptions. ***.*" (Emphasis added).

{¶16}. "[T]rial courts are afforded wide discretion to grant extensions of time and permit untimely pleadings when there is excusable neglect." *United Studios of America v. Laman,* Stark App.No. 2007CA00277, 2008-Ohio-3497, ¶ 24. We have likewise recognized that a trial court has the inherent authority to manage its own proceedings and control its own docket. *Love Properties, Inc. v. Kyles,* Stark App.No. 2006CA00101, 2007-Ohio-1966, ¶ 37, citing *State ex rel. Nat. City Bank v. Maloney,* Mahoning App.No. 03 MA 139, 2003-Ohio-7010, ¶ 5.

{¶17}. In light of the overall duration of this matter and the delayed formal appointment of a successor trustee, we are unpersuaded that a six-day extension to allow appellees to respond to the request for trustee fees constituted an abuse of discretion.

{¶18}. Appellant's First, Second, and Fourth Assignments of Error are overruled.

III.

{¶19}. In her Third Assignment of Error, appellant contends the trial court erred in denying her May 8, 2012 application for trustee fees of $39,152.60, save for the sum of $5,379.00. We disagree.

{¶20}. A probate court's decision denying trustee fees will not be disturbed on appeal in the absence of an abuse of discretion. *In re Estate of Veroni,* 11th Dist. Lake No. 98-L-024, 1998WL964527, citing *In re Estate of Winograd* (1989), 65 Ohio App.3d 76, 82, 582 N.E.2d 1047. In order to find an abuse of discretion, we must determine the

trial court's decision was unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶21}. R.C. 2109.303(A) states in pertinent part as follows: "Except as provided in division (B) of this section, every testamentary trustee shall, and every other fiduciary not subject to section 2109.301 or 2109.302 of the Revised Code may, render an account of the trustee's or other fiduciary's administration of the estate or trust at least once in each two years. ***."

{¶22}. Stark County Local Rule 74.2(A) sets forth certain percentage fees which may be charged by a testamentary trustee. Subsection (B) of the Rule states as follows:

{¶23}. "If by reason of the application of the above percentages to values of assets a disparity or injustice results, such disparity or injustice may be reviewed on the Court's own motion in respect of any account reflecting such compensation or upon exceptions to such an account."

{¶24}. Appellant essentially urges that our refusal in the first appeal to allow the trial court to revisit, via Civ.R. 60(A), its original judgment entry of April 11, 2012, which found the partial account to have been lawfully administered, presently invites application of the res judicata doctrine. In other words, appellant argues, because the request for trustee fees is "arithmetically predicated" on the judgment entry approving the partial account on April 11, 2012, the trial court was barred from deviating from the requested fees. The trial court in this instance indeed noted in its decision to reduce the fees that it was not reasonable to compensate appellant for her voluntary acts as trustee for eight years prior to her appointment. Judgment Entry at 4. The court also stated that appellant had failed to file an inventory or accounting until more than four

years after her appointment. *Id.* The court further noted that despite being sent a notice of delinquent account in 2008, appellant did not file her account until September 2010; accordingly, fees were approved for 2008, 2009, 2010, and 2011 only. *Id.* at 5. While the court's reasoning appears to contradict its earlier determination of lawful administration of the partial account, we hold the trial court maintained the discretion to determine if the fees calculation resulted in a disparity or injustice under Loc.R. 74.2(B).

{¶25}. Therefore, upon review, we find no abuse of discretion in the trial court's decision regarding the award of trustee fees under the circumstances presented. Appellant's Third Assignment of Error is overruled.

{¶26}. For the foregoing reasons, the judgment of the Court of Common Pleas, Probate Division, Stark County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0529