[Cite as *Nelson v. Powers*, 2016-Ohio-1159.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| INGRID M. NELSON, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-G-0031** |
| DAN POWERS, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2015 CVF 000014.

Judgment: Reversed and remanded.

*Matthew W. Rolf,* 145 Main Street, Suite 201, Chardon, OH 44024 (For Plaintiff-Appellee).

*Jeffrey M. McGaffick,* 571 East 185th Street, Cleveland, OH 44119 (For Defendants-Appellants).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellants, Dan Powers, et al., appeal from the judgment of the Chardon Municipal Court, denying their Civ.R. 60(B) motion for relief from default judgment entered in favor of appellee, Ingrid M. Nelson. We reverse and remand the matter for further proceedings.

{¶2} On November 17, 2014, appellee filed a pro se, small-claims complaint seeking damages in the amount of $3,000 against appellants. Appellants filed an answer and a counterclaim. Subsequently, appellants filed a motion for leave to

transfer the case to the general civil docket. The motion was granted and the trial court issued a judgment stating appellee had until February 23, 2015 to file her amended complaint and appellants "shall have fourteen days from that date within which to file an answer."

**{¶3}** Appellee retained counsel and, on February 23, 2015, filed an amended complaint, seeking $15,000 in economic damages and $5,000 in non-economic damages, as well as attorney fees. The amended complaint was different from the original in nearly all respects. Appellants failed to file an answer within the time allotted by the court and, on March 18, 2015, appellee filed a motion for default judgment. On March 27, 2015, a magistrate's order was issued denying the motion for default judgment for appellee's failure to attach a Military Affidavit, pursuant to the local rules. On March 30, 2015, appellee filed an amended motion for default judgment with the appropriate attachments.

**{¶4}** On April 6, 2015, appellants filed their answer. On April 17, 2015, however, the trial court granted appellee's motion for default judgment and awarded damages. Appellants subsequently moved the trial court, pursuant to Civ.R. 60(A) and (B) for relief from judgment.

**{¶5}** In their motion, appellants asserted counsel mistakenly believed he had 28 days, rather than 14 days to file their pleading. This error, appellants maintained, was a result of excusable neglect, therefore justifying relief from default judgment.

**{¶6}** Appellants further asserted they attempted to file their answer and counterclaim by regular mail on March 23, 2015; on April 6, 2015, however, counsel received the pleading returned and unfiled with a message from the Clerk's office

2

indicating a certain filing fee had not been paid. According to appellants, counsel personally drove to the Clerk's office and explained the pleading contained no additional claims or changes from their original answer. Appellants asserted the Clerk's office did not charge them any additional fee. According to appellants, the misunderstanding resulted in an additional delay to their filing.

{¶7} Appellants also asserted the delay in filing may have been a result of an error in the case-number affixed to the pleading. Instead of reflecting the proper municipal court number, it reflected the small-claims number. Appellants argued, however, this was a coincidental clerical error and, as a result, should not form the basis of default judgment. In light of the foregoing arguments and facts, appellants concluded they were entitled to relief from judgment.

{¶8} After a status hearing, appellee filed a memorandum in opposition to appellants' motion. In the memorandum, appellee primarily emphasized that appellants failed to set forth a meritorious defense to the suit, a necessary element for receiving relief from judgment under Civ.R. 60(B). On this basis alone, appellee asserted appellants' motion should be denied.

{¶9} Assuming, however, arguendo the trial court found the motion sufficient, appellee argued that counsel's failure to recognize the 14-day deadline for responding to appellee's amended complaint did not constitute excusable neglect; similarly, appellee asserted the purported misunderstanding with the Clerk's office did not constitute excusable neglect because appellants were on notice of the pending default judgment, but took no effort to verify the acceptance or denial of the pleading with the Clerk.

3

{¶10} Appellants filed a reply to appellee's memorandum in opposition, asserting it did have a meritorious defense to the claims. Appellants asserted the defenses "were already clearly established in the record by [their] properly filed and accepted answer to [appellee's] initial complaint. Appellants proceeded to list the specific defenses and counterclaims asserted in its original answer, concluding appellee's claims "essentially constitute a complete sham."

{¶11} On June 12, 2015, the magistrate issued his decision denying appellants' motion for relief from the default judgment and additionally struck appellants' answer and counterclaim. Appellants filed objections to the magistrate's decision, emphasizing that their failure to file the pleadings within the timeframe set by the court was excusable neglect. Appellee duly responded. And, on July 2, 2015, the trial court adopted the magistrate's decision. Appellants appeal, assigning two errors, they provide:

{¶12} "[1.] The trial court committed prejudicial error in denying appellants' Civ.R. 60(A) and (B) motion for relief from judgment.

{¶13} "[2.] The trial court committed prejudicial error in striking appellants' counterclaims."

{¶14} A trial court's decision to adopt, reject, or modify a magistrate's decision is reviewed for an abuse of discretion. *In re Gochneaur*, 11th Dist. Ashtabula No. 2007-A-0089, 2008-Ohio-3987, ¶16. The phrase "abuse of discretion" is one of art, "connoting judgment exercised by a court, which neither comports with reason, nor the record." *State v. Underwood*, 11th Dist. Lake No. 2008-L-113, 2009-Ohio-2089, ¶30. This court has previously observed that when an appellate court is reviewing a pure issue of law, "'the mere fact that the reviewing court would decide the issue differently is enough to

find error * * *. [In] contrast, where the issue on review has been confined to the discretion of the trial court, the mere fact that the reviewing court would have reached a different result is not enough, without more, to find error.'" *Sertz v. Sertz*, 11th Dist. Lake No. 2011-L-063, 2012-Ohio-2120, ¶31, quoting *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶67.

{¶15} We first point out a crucial point overlooked by each party; to wit, the trial court's entry of default judgment *did not* resolve all claims or rights of the parties. While the default judgment did resolve the claims alleged in appellee's supplemental complaint in appellee's favor, it did not resolve appellants' counterclaims. Accordingly, the default judgment was interlocutory pursuant to Civ.R. 54(B) (providing, in relevant part that a judgment adjudicating fewer than all of the claims, rights or liabilities of the parties "is subject to revision at any time" before final judgment.) By its own terms, Civ.R. 60(B) *only* applies to final judgments. This court has observed, "'[a] motion which seeks relief from an interlocutory order is more properly characterized as a motion for reconsideration.'" *State ex rel. Dewine v. Big Sky Energy*, 11th Dist. Ashtabula No. 2014-A-0060, 2015-Ohio-2594, ¶7, quoting *Thorpe v. Oakford*, 11th Dist. Portage No. 94-P-0057, 1996 Ohio App. LEXIS 129, *7 (Jan. 19, 1996), *see also In re Estate of Horowitz*, 11th Dist. Trumbull No. 92-T-4710, 1993 Ohio App. LEXIS 1827 (Mar. 31, 1993). Under the circumstances, the magistrate and trial court should have construed appellants' purported Civ.R. 60(B) motion as a motion for reconsideration.

{¶16} Although Ohio's Civil Rules do not specifically provide for a motion for reconsideration of interlocutory orders of a trial court, the Ohio Supreme Court has stated that such a motion is a permissible procedural tool. *Pitts v. Ohio Dept. of Transp.*,

5

67 Ohio St.2d 378, 380 (1981). This principle is consistent with the general rule that a trial court has plenary power to review its own interlocutory rulings prior to entering final judgment. *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 535 (4th Dist.1997) Requests for reconsideration of interlocutory orders in the trial court "may be entertained at the discretion of the court." *Carnavale v. Carnavale*, 11th Dist. Trumbull Nos. 99-T-0113, 99-T-0164, & 2000-T-0013, 2001 Ohio App. LEXIS 2961, fn. 2 (June 28, 2001), quoting *LaBarbera v. Batsch*, 117 Ohio App. 273, 276 (8th Dist.1962).

{¶17} Prior to considering the merits of appellants' motion for reconsideration and appellee's memorandum in opposition, the parties convened before the magistrate for a status hearing on April 21, 2015. During that hearing, the magistrate remarked:

{¶18} Okay. Let me tell you. And I wanted to have this just because I wanted to let you know what I'm thinking. You know, in looking through the file, the Defendant has responded to everything so far. So it's not like we've got a normal default situation where somebody hasn't answered and nothing's been done. You know what I'm saying? Okay?

{¶19} So my tendency is to grant the 60(B) and just let's kick in the suit and get done, because you've got a claim, you got a counterclaim. And you know, we're just wasting time here.

{¶20} I mean, do you think that any response to the 60(B) is going to be very persuasive? I mean, I've looked through the file extensively today. There's been responses. You know what I'm saying. The normal default, somebody who doesn't answer, they're ignoring discovery, they're not doing stuff. Stuff's been indeed done here. Okay. And we have just a screw-up between the office and the filing of the one answer. So I'm just inclined to grant the 60(B) and let's move forward getting done with the case.

{¶21} After the following monologue, counsel for appellee indicated he nevertheless wished the court to consider his arguments contra appellants' motion. The magistrate agreed and appellee subsequently filed a memorandum in opposition. After

6

considering the parties' relative positions, the magistrate issued his decision. In the decision, the magistrate's tone and position was considerably different from his statements made from the bench. His decision stated, in relevant part:

> **{¶22}** The case file demonstrates that the Defendant[s] *repeatedly failed to timely file pleadings* even when given time and a date certain within which to respond to a pleading. Excusable neglect does not encompass the *continual failure to meet deadlines* in this case by the Defendant[s]. Defendant's [sic] additional claims of 'clerical mistakes' also falls on deaf ears here, as the *history of untimeliness* in this case (in regards to the filing of documents as well as following proper procedure when dealing with the court) does not rise to the level of error justifying the granting of the Defendant's [sic] motion to vacate. (Emphasis added.)

**{¶23}** A review of the record indicates appellants failed to adhere to the court's order requiring that their answer to the supplemental complaint be filed within 14 days after that complaint was filed. The pleading was apparently mailed 28 days after the supplemental complaint was filed due to counsel's error in reading the order. Appellants' counsel acknowledged this error and, upon recognizing it, took action to assure the pleading was filed properly. After resolving a misunderstanding with the Clerk's office, the pleading was filed on April 6, 2015, 11 days *before* the trial court entered default judgment.

**{¶24}** The supplemental complaint was filed on February 23, 2015; the answer, therefore, was filed late and out of rule. Nevertheless, appellants were actively involved in defending the case and discovery had commenced. Although appellants were late in filing their answer to appellee's supplemental complaint, nothing indicates the delay was a result of an intentional disregard for the judicial process, dilatory tactics, or frivolous gamesmanship. Moreover, the record simply does not support the magistrate's finding that appellants had repeatedly and continually missed deadlines or had a history of

7

untimeliness. Under the circumstances, we conclude the magistrate's finding in support of his decision is both unreasonable and unsupported by the record. The magistrate therefore abused his discretion in denying appellants' motion to reconsider.

{¶25} Moreover, the magistrate failed to provide *any* rationale for striking appellants' counterclaim. It appears that his decision to do so was inherently premised upon his decision to deny appellants' motion for reconsideration. The decision not to grant relief from a default judgment is unrelated to whether a counter-claimant's claims are procedurally or substantively sufficient. Because there was no independent, supplemental basis for striking appellants' counterclaim, we further conclude the magistrate abused his discretion in doing so.

{¶26} We therefore conclude the trial court abused its discretion in adopting the magistrate's decision. Given the facts and circumstances of this case, the magistrate should have granted appellants' motion for reconsideration and allowed the case to proceed pursuant to appellee's supplemental complaint as well as appellants' answer and counterclaims.

{¶27} Appellants' first and second assignments of error are sustained.

{¶28} For the reasons discussed in this opinion, the judgment of the Chardon Municipal Court is reversed and the matter is remanded for further proceedings.


TIMOTHY P. CANNON, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

8