[Cite as *Wood v. Energex Power, Inc.*, 2026-Ohio-729.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DONALD E. WOOD, | Case No. CT2025-0111 |
| Plaintiff - Appellant | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Muskingum County, Case No. CH2024-0076 |
| ENERGEX POWER, INC., | |
| Defendant - Appellee | Judgment:   Appeal Dismissed |
| | Date of Judgment:  March 4, 2026 |
| (ERGON OIL PURCHASING, INC., | |
| Garnishee - Appellee) | |

BEFORE: Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

APPEARANCES: Donald E. Wood, Whitehall, Ohio, briefed the case on his own behalf as Plaintiff-Appellant; Branson D. Dunlop (Dinsmore & Shohl, LLP), Cincinnati, Ohio, and Gregory P. Mathews & Justin M. Burns (Dinsmore & Shohl, LLP), Columbus, Ohio, for Garnishee-Appellee Ergon Oil Purchasing, Inc.

*Gormley, J.*

{¶1}   Plaintiff Donald Wood challenges an October 2025 trial-court order denying his request for reconsideration of an order that the trial court had issued several months earlier.  Because the trial court's October 2025 ruling was not a final and appealable order, we dismiss Wood's appeal.

**The Key Facts**

{¶2}   Donald Wood named Energex Power, Inc. as the defendant in a February 2024 complaint that Wood filed on behalf of himself and others whom he claimed were similarly situated.  Wood alleged in his complaint that Energex Power had failed to pay

royalties that he said were owed to him under an oil-and-gas lease. After Energex Power failed to answer the complaint, the trial court granted a default judgment in Wood's favor. The default-judgment entry stated that "[t]he amount of the judgment . . . shall be determined by the amount of oil and gas produced and sold by the defendant during the period of July 19, 2022 through February 22, 2024," plus interest and costs.

{¶3} Wood later issued a subpoena to Ergon Oil requesting records related to any payments that Ergon may have made to Energex Power for the purchase of oil during the time period covered by the default-judgment entry. Presumably based on the information obtained from those records, the trial court then issued, at Wood's request, a court order and notice of garnishment to Ergon Oil.

{¶4} When Ergon Oil failed to comply with or respond to the garnishment order, Wood filed a motion seeking a contempt finding against Ergon. The trial court then ordered the parties to submit briefs addressing the amount of money Ergon Oil was obligated to pay under the garnishment order.

{¶5} Before a contempt hearing was held, though, Ergon Oil filed a motion asking the trial court to strike the garnishment order, vacate the contempt hearing, and quash the subpoenas that Wood had issued for the contempt hearing. Ergon argued in its motion that because the default-judgment entry failed to specify the amount of damages owed by Energex Power, the garnishment order was not properly based on a final judgment as required by R.C. 2716.11.

{¶6} After conducting the contempt hearing and considering Ergon Oil's motion, the trial court denied Wood's motion for contempt against Ergon and vacated the garnishment order in a June 2025 judgment entry. The trial court agreed with Ergon that

the default-judgment entry was not a final and appealable order because that order had not specified the amount of any damages owed by Energex Power.

{¶7} The trial court then scheduled a hearing to determine a damages amount. Before that hearing was held, however, Wood filed a motion asking the trial court to reconsider its June 2025 judgment entry. The trial court denied Wood's motion for reconsideration in an October 2025 judgment entry, and Wood now appeals that decision.

**The Judgment Entry at Issue in this Appeal is Not a Final and Appealable Order**

{¶8} Wood argues here that the trial court erred when that court, in June 2025, denied his motion for contempt against Ergon, vacated the garnishment order previously issued to Ergon, and vacated the default judgment entered against Energex Power. His vehicle for raising those arguments, though, is an appeal from the trial court's October 2025 judgment denying his motion for reconsideration of the June 2025 ruling.

{¶9} The trial court's October 2025 ruling on the reconsideration request is not a decision reviewable here, as numerous court rulings make clear. *See, e.g., Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981) ("motions for reconsideration of a final judgment in the trial court are a nullity" because the Ohio Rules of Civil Procedure do not permit such motions to be filed); *McKinney v. Omni Die Casting, Inc.*, 2017-Ohio-2949, ¶ 20 (5th Dist.) ("a judgment entered on a motion for reconsideration is a nullity and a party cannot appeal from such a judgment").

{¶10} To be sure, interlocutory orders — as opposed to final judgments — can be reconsidered and altered by a trial court while litigation is ongoing. *See Frabott v. Swaney*, 2013-Ohio-3354, ¶ 17 (5th Dist.); Civ.R. 54(B) ("any order" that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" does not

"terminate the action," and "the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties"); *Pitts* at 379, fn. 1 ("[i]nterlocutory orders are subject to motions for reconsideration, whereas judgments and final orders are not").

{¶11} Yet "[t]he reconsideration of an interlocutory order is itself an interlocutory order," and therefore a trial court's order denying a motion for reconsideration is not itself a final and appealable order that is subject to review by an appellate court. *Hack v. Keller*, 2015-Ohio-4128, ¶ 15 (9th Dist.). *See also State v. Beck*, 2015-Ohio-1069, ¶ 41 (11th Dist.) ("a judgment denying a motion for reconsideration of a non-final order is itself not appealable as it fails to dispose of any claims"); *Nami v. Nami*, 2017-Ohio-8330, ¶ 23 (10th Dist.) ("because the trial court's order denying appellant's motion . . . was an interlocutory order reconsidering an underlying interlocutory order, it does not constitute a final appealable order. Therefore, this court does not have jurisdiction to consider appellant's substantive challenges to the trial court's denial on appeal").

{¶12} Our jurisdiction in appeals in limited under R.C. 2505.02(B) solely to the review of final orders. If an order is not final and appealable, we have "no jurisdiction to review the matter and must dismiss it." *Freedom Mtge. Corp. v. Hufford*, 2017-Ohio-1111, ¶ 9 (5th Dist.).

{¶13} Whether the June 2025 trial-court order was a final and appealable one, we readily conclude that the October 2025 order at issue in this appeal is not an order that we can review. If the June 2025 order was itself final and appealable, Wood's motion for reconsideration of that final decision was a nullity, and any trial-court ruling on it is not a valid order from which an appeal can be taken. If, on the other hand, the June 2025

decision — which Wood himself in his notice of appeal described as "interlocutory" — was not a final order, then the October 2025 trial-court order declining to revisit that order is likewise not a final and appealable order.

**{¶14}** For the reasons explained above, this appeal is dismissed. Any costs must be paid by Plaintiff Donald E. Wood.

By: Gormley, J.;

Baldwin, P.J. and

Mongtomery, J. concur.